**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES O'CONNOR,
Plaintiff-Appellant,

v.

CONSOLIDATED COIN CATERERS

CORPORATION,
Defendant-Appellee.

No. 94-1214

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
Amicus Curiae.

On Remand from the United States Supreme Court.
(S. Ct. No. 95-354)

Decided on Remand: June 5, 1996

Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by published opinion. Judge Hamilton wrote the majority
opinion, in which Judge Luttig joined. Senior Judge Butzner wrote a
dissenting opinion.

_____

**COUNSEL**

George Daly, Sharon Samek, GEORGE DALY, P.A., Charlotte,
North Carolina, for Appellant. James Bernard Spears, Jr., Jacob J.
Modla, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES,
P.A., Charlotte, North Carolina, for Appellee. James R. Neely, Jr.,
Deputy General Counsel, Gwendolyn Young Reams, Associate Gen-

eral Counsel, Lorraine C. Davis, Assistant General Counsel, Barba-ra L. Sloan, EQUAL EMPLOYMENT OPPORTUNITY COMMIS-SION, Washington, D.C., for Amicus Curiae.

_____

**OPINION**

HAMILTON, Circuit Judge:

This age discrimination in employment case is before us on remand from the United States Supreme Court. See O'Connor v. Consolidated Coin Caterers Corp., No. 95-354, 1996 WL 142564 (U.S. Apr. 1, 1996). The Court granted certiorari in part in O'Connor v. Consoli-dated Coin Caterers Corp., 56 F.3d 542 (4th Cir. 1995) (O'Connor I), see O'Connor v. Consolidated Coin Caterers Corp., 116 S. Ct. 472 (1995), to decide the following question: whether, assuming Title VII's McDonnell Douglas framework is applicable to claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1994), an ADEA plaintiff need show that he was replaced by someone outside the age group protected by the ADEA in order to establish a prima facie case in a non-reduction-in-force context. Concluding that a plaintiff need not, the Court reversed our holding to the contrary. The Court then remanded the case to us for further proceedings consistent with its opinion. On remand, we have considered whether James O'Connor (O'Connor), now relieved of the burden of establishing that he was replaced by someone outside the protected class (i.e. under forty years of age) in order to establish a prima facie case under the McDonnell Douglas burden-shifting proof scheme, has proffered sufficient evidence to withstand Consolidated Coin Caterers Corporation's (Consolidated Coin) motion for summary judgment. We conclude that he has not. Accordingly, we affirm.

I.

The facts of this case and our standard of review are ably set forth in O'Connor I and, therefore, do not warrant repeating here. See O'Connor I, 56 F.3d at 543-545. We, thus, move directly to analyzing whether, in light of the Court's opinion, O'Connor's proffered evi-

2

dence of age discrimination can withstand Consolidated Coin's motion for summary judgment. Our analysis considers this question under the burden-shifting proof scheme articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), in the non-reduction-in-force context and the reduction-in-force context, and under ordinary standards of proof by direct and indirect evidence.

Under the burden-shifting proof scheme, once a plaintiff establishes a prima facie case of discrimination, a presumption of discrimination arises and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. See St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742, 2747 (1993). If the employer carries this burden of production, the presumption "drops out of the picture," id. at 2749, and the plaintiff bears the ultimate burden of proving both that the employer's asserted reason was pretextual and that the plaintiff's age was the true reason for the challenged employment decision. Id. at 2752.

We first hold that O'Connor cannot prevail on his ADEA claim in the non-reduction-in-force context under the burden-shifting proof scheme articulated for Title VII cases in McDonnell Douglas. O'Connor fails to meet the third element of the prima facie case--at the time of discharge, the plaintiff was performing his job at a level that met his employer's legitimate expectations. See Mitchell v. Data General Corp., 12 F.3d 1310, 1315 (4th Cir. 1993). In reaching this conclusion, we rely on our express reasoning in O'Connor I for our conclusion there that O'Connor failed to meet the nearly identical element in the reduction-in-force context. In O'Connor I, after discussion of the evidence, we concluded that O'Connor failed to meet the third element of the prima facie case under the McDonnell Douglas proof scheme in the reduction-in-force context--the plaintiff was performing at a level substantially equivalent to the lowest level of those of the group retained. O'Connor I, 56 F.3d at 547. There, we recognized that the third element in the reduction-in-force context demanded that O'Connor proffer essentially the same evidence necessary to satisfy the third element of the prima face case in the non-reduction-in-force context. See id.

Next, we hold that O'Connor cannot prevail on his ADEA claim in the reduction-in-force context under the burden-shifting proof

3

scheme articulated for Title VII cases in <u>McDonnell Douglas</u> because, for the reasons stated in <u>O'Connor I</u>, he fails to meet the third element necessary to establish a prima facie case. <u>See Mitchell</u>, 12 F.3d at 1315.

Even assuming arguendo that O'Connor established a prima facie case of age discrimination, after reviewing the evidence, we conclude that he did not meet his ultimate burden of proving that Consolidated Coin's asserted reason was pretextual and that his age was the true reason for its challenged employment decision. In <u>O'Connor I</u>, we explained the infirmities with respect to O'Connor's direct evidence in section III.A. and his indirect evidence in section II.B. <u>See id</u> at 546-50. The same reasoning applies here with equal force.

Finally, for the reasons stated in <u>O'Connor I</u> , we hold that O'Connor cannot survive Consolidated Coin's motion for summary judgment under his proffer of direct and indirect evidence. <u>See id.</u>

II.

In conclusion, we affirm the district court's grant of summary judgment in favor of Consolidated Coin.

<u>AFFIRMED</u>

BUTZNER, Senior Circuit Judge, dissenting:

After the Supreme Court reversed and remanded this case, both parties requested leave to file supplemental briefs and to present oral argument. Their requests, I believe, are reasonable. For reasons stated in Part II of my separate opinion, <u>see O'Connor v. Consolidated Coin Caterers Corp.</u>, 56 F.3d 543, 551 (Butzner, J., concurring in part and dissenting in part), I dissent from the disposition of this case by summary judgment. The evidence recounted in Part II of my separate opinion creates a genuine issue of material fact that should be decided by trial.

4